(*f*) *Phelps* v. *Winchel, infra.*

## Phelps *v.* Winchel.

In the Court below,

SIMEON WINCHEL, *Plaintiff;* OLIVER PHELPS, and EL-KANAH PHELPS, *Defendants.*

THIS was an action on the case, stating, that the defendants had combined with *Ephraim Pixley, Ebenezer Center,* and *Elkanah Phelps,* jun. for the purpose of defrauding the plaintiff, and had, by means of such combination, practised a fraud on the plaintiff, in the pretended sale to him of certain lands in that part of Pennsylvania commonly called the Susquehannah Company's Purchase.

Oliver Phelps, one of the defendants having died, during the pendency of the suit, the other defendant pleaded the general issue, which was closed to the jury. A verdict was found, and judgment rendered, for the plaintiff.

*Margin note:* A person interested in the question on trial, but not in the event of the suit, may be a witness.

*Margin note:* 1804.

FAIRCHILD
*v.*
BEACH.

1804.

PHELPS
*v.*
WINCHEL.

On the trial, the defendant offered said *Elkanah Phelps,* jun. as a witness in the cause generally, to disprove the facts alleged by the plaintiff in the declaration. The plaintiff objected to his being sworn, on the ground, that he had aided in the fraud complained of ; that he had practised similar frauds on other persons, for which he was liable to suits ; and that he held notes against several persons, which had been obtained by such fraudulent sales. The Court rejected the witness, and the defendant filed his bill of exceptions, on which the case was brought before this Court.

*Smith*, (of Woodbury) was of counsel for the plaintiffs in error ; and *Daggett* and *Gould* were of counsel for the defendant.

The question in this case being the same as in that of *Fairchild* v. *Beach*, it was submitted without argument.

The judgment was reversed.

BY THE COURT. The common law recognizes but one description of interest, that shall exclude a person from testifying ; that is an interest in the event of the suit. Merely an interest *in the question*, as it is called, —his having, or being likely to have, a suit, which may turn upon the same point, is not, in legal estimation, an interest. It is a *bias*, affecting his credit, but not his competency. So is the law understood, by the courts at Westminster. Precedents to the contrary, which misled them for a time, as they have the courts in this State, have been found, on examination, to be departures from the law. It was never, indeed, admitted, in principle, that bias, without interest, went to the competency of a

witness; nor could it be, without rendering the rule of admission too uncertain for practice, and too limited for the investigation of truth. The error, that crept into practice, was, that of mistaking, in certain cases, bias for interest.

In this case, the witness offered was neither to gain, nor lose, by the event of the suit. The verdict, which his testimony might have affected, could never have been given in evidence for, or against him. He ought, therefore, to have been sworn, notwithstanding his supposed bias, and his credit left to the jury, with such observations, as the Court might think proper to make, to assist them in estimating it correctly.