OPINION of the Court, by
Ch. J. Boyie.
We are of opinion that the court below erred in rejecting evidence of the hand writing of the parties to an instrument produced by the appellants to prove the nature and extent of their possession, under the circumstances stated in the first bill of exception taken by them. It appears that two of the subscribing witnesses were dead, and that the third, being the only one living, had removed to the state of Ohio.
The absence of the witness in the state of Ohio certainly put it as much out of the power of the court to coerce his attendance, as if he had been in the remotest part of the globe ; and where the subscribing witnesses are dead or beyond the power of the court to compel their attendance, it is a settled rule, that proof of their hand writing, or that of the parties to the deed or other *446 instrument, is admissible evidence. — Peak’s Ev. 104-5. Nor can we suppose that the power of the court to award a commission to take the deposition of an absent witness, ought to have the effect of changing the rule in this country : for though the court has the power to award the commission, it has no power to coerce its execution.
If the ftatute begins to run sgainft the ancestor, but by his death the land defeends co his heirs, who are infants, che Statute does not run on, but the infants fhall have the time allowed by the flat-ute after ar« rivmg at full age to bring thtir afUon.
With respect to the rejection of the witness as incompetent, upon the grounds stated in the second bill of exception taken by the appellants, we are of opinion the, court below decided correctly. The witness on his mire dire expressly stated that he conceived himself to be interested ; and though the facts he disclosed upon a further examination, tended to show that his interest was rather imaginary than real, yet the bias upon his mind was the same as if his opinion had been well founded ; and the wdiole current of English, as well as most of the American decisions, prove that a person cannot be a witness who apprehends himself to be interested, though in fact he be not so. — -9. Bac. Abr. Amer. ed. 592, and the cases there cited.
The third and last bill of exception taken on the part of the appellants, presents the question whether an infant to whom a right of entry descends, after the statute of limitations lias began to run against his ancestor, is within the saving of the statute, and will be allowed ten years after he comes of age to make his entry or bring his action ? The court below decided this question in the affirmative, in conformity to the decision of this (court in the case of Machir, &c. vs. May, &c. (ante 43). That decision we are still of opinion is correct. The saving in our statute not only appears to us, according to its most obvious and grammatical construction, to justify the exposition then given to it; but we are utterly unable to perceive any rational principle upon which it would be susceptible of a different exposition.
J udgment reversed with costs, and the cause remanded for new proceedings, &c.