Tilghman C. J.
This action was brought by Samuel Bailie, the plaintiff below, in the Court of Common Pleas of Lancaster county. The charge of the Court is placed on the record, and it appears to me to be correct. There is also a bill of exceptions to the opinion of the Court on the rejection of the evidence of Thomas R. Buchannan, a witness produced on the part of the defendant. Mr. Buchannan was the indorser of the note on which the suit was brought, and consequently, originally liable to an action. But Benjamin Long, the plaintiff, gave him a release, which took away all interest in this suit. In this situation, he was subpcenaed as a witness for the defendant, and in order to deprive the defendant of his testimony, he cancelled the release, and thus became again interested. These facts appeared on the examination of Mr. Buchannan on the voire dire. He said too, that he considered himself as interested, and bound to pay the note, in case the plaintiff should fail in this suit. From these facts two questions arise. 1. Is a witness incompetent, who considers himself as interested, bat in fact is not so ? 2. Will the law permit a witness to deprive a suitor of his evidence, by rendering himself interested for the purpose of incapacitating himself?
*226 ■ 1. On the first point there has been a diversity of opinion. In the case of Fotheringham v. Greenwood, 1 Str. 129, Lord Holt, sitting at Nisi Prius, is reported to have said, that if a witness thinks himself interested, he is incompetent, though jn truth he have no interest; so, if he be under an honorary, ,. ,. TT though not a binding engagement to pay costs. Upon this authority, the cases of M'Veaugh v. Goods, 1 Dall. 62, and Innis v. Miller, 2 Dall. 50, seem to have been decided. On the contrary, in Phill. Fv. 41, the criterion of competency, is said to be, the actual interest of the witness, and not his opinion concerning his interest. I confess I never could perceive, on. what principle the dictum of Lord Holt, (undoubtedly a very great Judge,) could be supported. The law of evidence has been more maturely considered, and has undergone material changes, especially with regard to the competency of witnesses, since the time of Lord Holt. Those who hold, that the opinion of the witness, contrary to the fact, may render him incompetent, assign for a reason, that his mind is under a strong bias, in consequence of his opinion. Undoubtedly it is, but not stronger than the mind of a child, who is called to testify for his parent, and who, besides feeling the tie of natural affection, must be influenced by the consideration, that the estate to come to him after his parent’s death, will probably be affected by the event of the suit; yet the child is admitted as a witness, and the bias under which he certainly stands, is submitted to the jury as a circumstance affecting his credibility. The same may be said of an underwriter, who is received as a witness for another person, who has underwritten the same policy. The rule is, that nothing creates incompetency, but actual interest in the cause, in which the witness is to be sworn. Interest or no interest, is a fact which may be- ascertained with certainty. But what may be the opinion of a man, concerning his interest, cannot be known, till he declares it. Testimony may be lost, by the ignorance of the witness, by his want of candour, or his caprice. Besides., if his opinion, that he is interested, excludes him, why should not his opinion, that he has no interest, admit him ? And yet it has never been contended, that a man proved to be interested, may be a witness, because he thinks that he has no interest. It seems to me then, that to reject a witness on the ground of his opinion, against fact, is an anomaly in the law of evidence, and would be attended with *227 great'inconvenience. In order to preserve uniformity, therefore, and at the same time to avoid inconvenience, I shall be for testing the competency of the witness, not by his* opinion. but by the fact. Neither do I think, that we should pay any regard to honorary engagements, because they are things unknown to the law, and therefore leading to uncertainty. When a man speaks of his legal engagements, we understand him. But engagements of honour, depend on his own ideas; they are too fantastical to be admitted in a court of justice. If under an impression, of being bound in honour, he makes a promise to pay, which may be enforced by an action, he will then be interested, and his testimony must be excluded. But, being bound only by a tie, which he may loosen at pleasure, the law considers him as at liberty, and consequently disinterested.
On the second point, there is little difficulty. Mr. Buchan,nan and the plaintiff united, in a contrivance to deprive the defendant of his evidence. This, the law will not endure. If a man, who is privy to a fact, should afterwards become interested in the usual course of business, his evidence is not to be admitted. It would be unreasonable to expect, that he should sacrifice his own interest, for the sake of preserving himself free from interest, for the benefit of another. In such case, therefore, the witness, being interested at the time of trial, is incompetent. But the case is very different, when a man, knowing himself to be a witness relied on by his neighbour, takes pains to become interested, for the purpose of injuring him, especially if this be done, in concert with the adverse party. Such conduct is very improper; it is, in truth, fraudulent in the eye of the law; and, notwithstanding an interest thus acquired, the witness is considered as disinterested. In The King v. Fox, 1 Str. 652, and Barlow v. Vowel, 1 Sid. 586; witnesses who became interested by laying wagers, after they had come to the knowledge of the facts, for the proof of which their testimony was wanted, were held to be competent. The case before us, is very strong. There appears to have been a collusion between the plaintiff and the witness ; clearly, therefore, the witness remained as competent, after he cancelled the release, as he had been before. I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Gibson J. concurred.
*228 Duncan J.
Could Thomas R. Buchannan be received as a competent witness on the part of Benjamin Long, to prove any fact material to his defence ? If he could, did he stand in that situation, that by law he could claim an exemption from examination as a witness, on the e-round, that his testi- . , ° ’ mony might be prejudicial to his own interest ?
It is to be observed, in considering the first question, that the facts he was called on to prove, are not stated; so that the inquiry is not whether he would be permitted to prove facts which might tend to invalidate the note, which he had given currency to by his indorsement, but whether he was incompetent to prove any fact.
The rule, that no man shall be allowed to destroy or explain away his own instrument, is confined to instruments negotiable. 2 Dall. 196. 2 Binn. 166. Baring v. Shippen. Admitting this to be such, and entitled to all the protection extended to paper negotiable and negotiated, free from every objection, discount, and plea which might be offered by the maker against the original payee, (of which it is not necessary to give any opinion,) the rule never has extended so far as to reject the party offered as a witness. There are some facts, which he certainly having no interest, the ground of policy would not exclude him from testifiying. The power of the Court to set aside rules of law, from motives of policy may be justly questioned; but the rule of exclusion of such witnesses oughtnotto be extended further than it has already been carried; the rule never did render such person altogether incompetent; but restrained him from giving any evidence that contradicted the writing, or denied any thing contained in it. Pleasants administrator v. Pemberton administratrix, 2 Dall. 196. A party to such instrument will not be permitted to testify that he put a void security into circulation; but as to any facts happening afterwards, he may (if not interested,) be examined. Warren v. Merry, 3 Mass. 27. Brown et al. v. Babcock et al. ib. 31. And by Parsons Ch. J. in Churchill v. Sutter, 4 Mass. 156, the rule is confined to the invalidation of negotiable instruments; and there he may testify to any facts, excepting such as prove the instrument void at the time of his indorsement. And again in 6 Mass. 434, Barker v. Prentiss, the whole doctrine is considered ; and it is decided, that he may testify to any fact which admits the legality of the instrument in its original *229 form. So in Woodhull v. Holmes, 10 Johns. 231, a party to negotiable paper may be admitted to prove facts subsequent to the date or execution of the note, and which destroy the title of the holder. And in White v. Killing, 11 Johns. 131, an indorser of a promissory note, indorsed before it became , . . . \ „ , ^ due, is a competent witness to prove payment, and that notice was given to the holder, by such indorser, when he indorsed it.
As Buchannan was not interested to support the defence of Long, whatever it might be, he was clearly, as to some facts which might destroy the note in the hands of the holder, a competent witness. Could he then excuse himself by saying, that he was called on to testify against his own interest; in other words, to prove matters which might discharge Long from the payment of the note, and so render himself, as indorser, liable even to Bailie ? At best, this was but an excuse ; but the plaintiff below had no right to object to his competency; he was competent, if he chose it. Was then his unwillingness, to use his own words in the bill of exceptions, a legal reason to deprive Long of the benefit of his testimony? What was the moving cause, or the consideration of the release, we are left to conjecture, but not without a clue to the discovery; but the moving cause for the destruction of the release is avowed; expect, I construe as believe, know; and Buchannan declares, that the release was destroyed, because he was called forward as a witness. “ I expect, says he, on his voire dire, it was, because I was called forward as a witness, that the release was destroyed.” It is not permitted to Judges to shut their eyes, and not to see that which is visible to all. It appears at one time, and. that very shortly before he was called on to be examined, he possessed a release discharging him from all right of action by Bailie, on account of this indorsement, and that this release, on the very morning of the trial, and just before he was subpoenaed as a witness, was destroyed in the presence of Bailie’s counsel, and was destroyed, because he was called forward as a witness.- Shall this contrivance be crowned with success is now the question ? Releases from or to persons having an interest, in order to render them competent witnesses are frequently executed at the bar, even after objections to their competency; but this is quite a different expedient; the destruction of a release to disqualify the person to whom the *230 release had been given, or to afford him an exemption from the legal obligation of testifying the truth. One is to let in the light of truth, the other is to exclude it. Indeed, releases to qualify have been given at such times, and under such circumstances, as that Courts have rejected the evidence; as is stated in Qilb. Ev. 188. If any witness, who has part of the lands, sells, though bona fide and for. a good consideration, if it be after he is summoned as a witness, or after he has had notice of trial, the Court will not admit his evidence. Whether Courts at this day in their liberal anxiety to let in the whole truth, leaving the credit of the witness to the jury, the Court, nevertheless, making such observations as the situation of the witness required, would so decide, I give no opinion; but that the destruction of this release, taking away all interest, for the avowed purpose of smothering the truth, evidently in fraud of the law, and of the party’s vested right to the examination of the witness, should have the effect, intended, and cover under the pretence of constitutional privilege of not compelling a man to swear against his own interest, him, who voluntarily subjects himself to a liability, merely that he may not be obliged to declare the truth, would appear to me to be repugnant to the dictates of reason, the rules of evidence, and the principles of justice. In Pennsylvania, where there can be no bill to compel a discovery, the reason would be stronger than in England. I, therefore, am of opinion, that Thomas R. Buchannan should have been sworn in chief, and that his exclusion was error. On principle and on precedent this opinion is formed; it falls directly within the reason of the cases decided; for being a competent witness for Long when he was about to be called forward as a witness, just before the subpcena was served on him, he could not by any act of his own, nor any act in conjunction with Bailie, deprive Long of the right he had in his testimony; it is one of the very exceptions to that great rule of testimony, the most inflexible of all other rules, “ that a person interested is an incompetent tvitness;” for a party interested will be admitted where he acquires an interest by his own act, after the party who calls him as a witness, has a right to his evidence. Barlow v. Vowel, Skin. 586. Bull. 313. If this were not the case, an unwilling witness might deprive the party in almost every instance of the benefit of his testimony, by his own voluntary act; but so far from the law permitting *231 this, the refusal of one to accept a release, cannot deprive the party of his testimony, much less should the voluntary surrender of a release. I am, therefore, of opinion, that there is error in suffering the witness to decline giving evidence. The iudement should be reversed, and a venire facias de novo , ,° awarded.
Judgment reversed, and a venire facias de novo awarded.