Judge Owsuev
delivered the opinion.
George G. Taylor being the owner of a negro boy named Otway, on the intermarriage of bis son Jonathan Taylor, (the present appellant,) about the IQlh of March, 1817, made a parol gift of the boy to his son by way of advancement.
. The son, shortly thereafter, commenced housekeeping with the boy in his possession, and held the possession of the hoy until he was taken, in 1818, by the sheriff, under ⅜ writ of fieri facias which issued from the clerk’s office of the Clark circuit court on a judgment rendered im favor of the appellee, Eubanks, against the estate of George G. Taylor, the father, and Win. N Lane. The boy was af-terwards sold by the sheriff under the writ, and Eubanks became the purchaser.
To recover the boy, the appellant, Taylor, brought his action of detinue against Eubanks; and the trial was had in the circuit courfeon the general issue.
AfteT the preceding facts were proven,.evidence was also introduced conducing to prove that George G. Taylor and YV i». N. Lane, were owing Eubanks a considerable sum, St the time of the gift of the boy to Jonathan 'Faylor, tor money borrowed at the rate of ten peí centum per annum; and that on a settlement and adjustment of the accounts between Lar.e and Taylor and Eubanks, the obligation. *240 «pon which the judgment and execution under which the boy was sold, was given bv Lane and Taylor in Aügust, 1817; and that interest was computed at the rate of ten per centum per annum, and the bond given, as well for the interest, as the principal, owing, by Lane and Taylor, at the time of the gift of the boy to Jonathan. It was also proven, that Lane and Taylor, at the date of the gift, were indebted to many other persons in large sums. The record of the judgment and esecution, under which the boy tvas sold, were'likewise introduced, together with other evidence and documents tending to shew, as well the extent of the property owned by Lane and Taylor at the date of the gift, as the amount of the debts then owing by them; but which is not necessary now to be particularly detailed.
After the evidence was gone through, the counsel of Eu-banks moved the court, and it accordingly instructed the jury, that if they believed from the evidence that George G. Taylor was indebted to Eubanks at the time of the pa-rol gift of the boy to Jonathan, the gift as to Eubanks’ execution was void inlaw. The counsel of Jonathan Taylor then moved the court to instruct the jury, that if they .believed from the evidence a gift and delivery of the boy in question was made without any fraudulent intent, and the possession of the boy continued ¡>ona fide in said Jonathan, from the time of the gift till taken by the sheriff in execution, that the gift was good against the claim of Eubanks, although George G. Taylor was indebted to him at the time of the gift — but the court refused to give the instructions as asked. The counsel of Taylor again moved the court to instrtfbt the jury, that if from the evidence they believed ten per centum per annum interest was calculated in the note on which Eubanks’judgment was obtained, the note was void inlaw, and they must find for Taylor. But the court overruled the motion, and instructed the jury, that if they believed any part of the principal, loaned by Eubanks, was unpaid at the time of the gift, in that case the note was not wholly void, but was good as (⅞ such part of the principal as was so unpaid; but if they believed the whole of the principal was paid at the time of the gift, the law tvas for Taylor, and they ought to find for him/
Exceptions were taken to the several opinions of the court, and the jury having found a verdict for Eubanks, judgment was accordingly rendered in bar of Taylor’s ac *241 tion From that judgment Tailor has appealed to this court. "
The mere cir cumstance of a pare,nt be; time e mates an ad-not^r ,⅛ ⅛* reidor .he jJ’H void, 't crediiV Jut vulates such s ftl
Tromtbefa-be inl'rrr’Jan “ten- to de-[r‘4uJ> but ⅛, máyU'b* repelled by d°'ln*el^,heVu be left to the jury. '
The assignment of errors questions the decisions of the Court, on the motions'for instructions to the jury
If by the instruction first given, it were intended by the court to decide, that under the statutes against fraudulent conveyances generally, the mere circumstance of a father being indebted at the time of making a conveyance, does, within itself, as matter of law, render a gift made to the son in consideration of natural love and affection, void, as to creditors, we entertain no doubt the instruction canuot be sustained. The statute of this country, which was taken from, and contains in substance, the provisions of the uies of the 13th and á7Üi of E izabeih, no doubt, makes void all conveyances made with an intention to hinder, de lay, or defraud creditors} but it is the fraudulent intent, with which the conveyance is made, and not the circumstance of the alienor being at the time indebted, that makes the conveyance void.
From his being indebted, an intent to defraud may be presumed; but it is a presumption which may be repelled by other evidence, and which should be made by the jury and not by the court. There may be cases where, from particular facts, it would be proper for the court to infer a fraudulent intent; but those are cases, Where from the facts tht lawitstlf implies the inleul, and allows the mtroduc tion of no evidence to repel the implication. But the circumstance of being indebted, is not such a fact, from which the law implies ail intention, in the person conveying in consideration of natural love and affection, to defraud his creditors A single debt will not do; most men, however ample their means of payment, and however prompt they may be in the performance of their engagemenls, are indebted' to some extent; and to say, that the mere circumstance of a person being indebted at the time, without reference to ihe comparative state of his debts and of ms ncans.of paying them, is conclusive evidence, though the conveyance is on the most meritorious consideration, of fraudulent intention, with respect to his creditors, would be asserting that, which is contrary to every day’s experience» and would be giving an operation io those statutes, not to be warran ed, upon the most liberal rules of construction, iu the suppression of fraud,
Bui the court may uut have been influenced by those *242 statutes ib giving Us instructions to the jury. We baveá s^tuteof this country regulating the gift of slaves, and it may have been upon that statute the decision was predicated. '
, Ofa^lave/ho accompanied bypossession in the donee against the creditors of the donor or jbr"» valuable consid’ration until the do-wi 8hnn«!!.«V gionSyeará.
That statute is as follows:
Sec, 1. That no gift or gifts of any slave or slaves, shall be good or sufficient to pass any estate in such slave or slaves to any person or persons whatever, unless the same be made by will, duly proved and recorded, or by deed in writing to be proved by two witnesses at the least, or acknowledged by the donor, anti recorded in the county court, or court of quarter sessions where one of the parties lives, or in the district court or court of appeals, within eight months after the date of stich deed or writing.
Sec. 5. Provided, always, that this act shall be construed to extend only to the gift of slaves whereof the donors have, notwithstanding such gifts remained in possession, ánd not to gifts of such slaves as have at any time come into the actual possession of, and have remained with the donee or some person claiming under such donee.
Sec. 3. Provided, always, that nothing in this act contained, shall be construed to alter any adjudication heretofore made, or to effect the interest of any bona fide purchaser, for a valuable consideration, or creditor of the donor* before the donee hath been at least three years in the possession of the slave under such gift, n6r in any manner to restrain or effect the operation of the statute of limitations^ 2. Littell, 123.
The hiore clearly to perceive the import of this statute, it is proper to premise, that it appears to be a copy of two Sets of the Virginia legislature, one of 1758, and the othet 1737 — the first section taken from that of Í 758, and the seconcland third sections taken from that of 1787. On the separation, therefore, it became the law of this state, and although thereafter, in 1798, it was re-enacted, it must f|ave j|)e saroe construction that would have been given to it previous to its re-enactment.
It consequently follows, that Under the first section, (the act 0f i753,) no parol gift of a slave could pass the title l,r'or to l'1e enactment of the second and third sections in 1787, whether possession did or did not accompany the gift, Rut by the proviso in the second section, the opera-*'on °f act °f 1758 is restrained to gifts of slaves whereof the donee remains possessed, andii tt were not tor the *243 subsequent proviso, contained in the third, there could be no question but the title of a slave would pass to the donee rtceivingtbe possession, although the gift be bvparojj but the third being a proviso exclusively to the second, which was enacted in 1787, so far restrains the operation of the second, as to leave the first section in complete force as respects the interest of purchasers for valuable consideration, and creditors of the donor, until the donee remains in possession of the slavt under the gift at least three years. — . Hence it results, that according to the provisions of the act cited, in contests bet ween the creditor or purchaser of the donor, and the donee who may not have held the possession three years, the title to slaves given by parol, cannot be considered as having passed to the donee; and consequently it would have been correct for the circuit court to have instructed the jury, that a gift under such circumstance, is void. But such appears not to be precisely the import of the instructions.
A Creditor under a usu* rious contract is not such a creditor as wi it be peimitted to question the title of such dqnea.
The evidence introduced on the trial, conduced to prove that the debt of Eubanks was created under a usurious contract, and by instructing the jury that the gift was void as to Eubanks’ execution, as well as vn the decision thereafter given, the court seems to have supposed that Eubanks is. *uch a creditor as may avail himself under the act of the gift'-being by parol. This court is, however, of a contrary opinion. Assuming the contract of Eubanks to be usurious, (and in reversing the decision of the circuit court it must be so considered,] it is perfectly clear, that under the act regulating usury, the contract was absolutely void. It is declared to be void in express words by the act; and it is well settled that upon such a contract n<? action can be maintained either to recover (he principal or,interest reserved. It appears, however, that in an action founded' upon the contract, a judgment has been obtained by Eubanks, hut the present appellant was no party to that judgment, and should not be thereby concluded from alleging any fast tending to shew that his adversary is not such a person as the law permits to avoid the gift under which he claims, on the ground of its being bj parol and not in writing.
The present appellant, it is true, was no party to the contract of Eubanks, but an usurious contract is not only void against the borrower and his sureties, but against all persons claiming tills under them, to the property intended » be effected by the usurious contract, Thus it hag bean *244 held, if one be bound in an obligation, which is usurious, and mhke his executor, and die, and the e'xecntor nay the usurious bond, it is a devastavit a?3i"s! the creditors. So if the borrower of money on an'usurious contract becomes bankrupt, the leuder cannot prove l>is debt under the commission, or if he has been allowed by the commissioners to prove his debt, he wilt not be allowed any dividend— ¡See Ord. ou Usury, 105, and the authorities there cited.
Eibb for appellant, Crittenden for appellee.
Upon the whole, we infer, that a person-elaiming a debt under an usurious contract, void in law, is not such a creditor as can avail himself, under the act concerning the gift of slaves, of any objection to the gift on account of its oe-ing in parol: at d as the evir1. ce in this cause conduced to prove the defat of Eubanks (u be of that character, the court erred in instructing the jury, absolutely, the gift was void; but should have left the evidence in relation to that matter, to the determination of the jury, it may not be improper to remark, that if the contract be usurioos, it is totally immaterial whether the whole or part of the principal remained unpaid; tor, as we have already observed, the contract is void as well for the principal as interest, and no action can be maintained for either. — Ord. on Usury, 110, ill.
The judgment must be reversed with cost, the cause remanded, and further proceedings had, not inconsistent with this opinion.