## CRARY vs. CARRADINE & NEWMAN.

Where a witness, sworn on his *voir dire*, stated, that he considered himself bound to pay the account sued on, and thought he would pay the judgment, if obtained; that he had promised to settle the account for the defendant; that no particular consideration has passed between them, but he promised merely out of good feeling for defendant, who was his brother. HELD, that he was a competent witness for the defendant.

His evidence having been excluded, although it might not have been sufficient to overthrow the other evidence, yet it was erroneous to refuse a new trial.

THIS is the suit referred to in the preceding case of *Crary vs. Carradine & Newman*. The cases were parallel, in every respect, except that, in the present case, John W. Crary was offered as a witness, by the defendant, and, being sworn on his *voir dire*, stated, that he considered himself bound to pay the account sued on, and thought he would pay the judgment, if obtained; that he promised to settle the

account of the defendant, but on no other consideration than for good feeling. The Court held him incompetent, and refused to allow him to be sworn in chief.

*Cummins,* for the plaintiff.

If the witness was interested at all, he was interested to testify against the defendant, who called him. At all events, if the witness was under any obligation to indemnify the defendant, it was merely honorary, and he was still competent. 2 *Stark. Ev.* 746. *Gilpin vs. Vincent,* 9 *J. R.* 219. A contrary doctrine was laid down in 1 *St. Rep.* 129, and 1 *Con. Rep.* (I. *Day's Rep.*) 147. These latter cases have not been followed, and the rule laid down by Starkie is now well settled. *Dod's Adm. R.* 20. *Pederson vs. Stoffles,* 1 *Camp.* 145. *Union Bank vs. Knapp,* 3 *Pick. Rep.* 108. *Williams vs. Matthews,* 3 *Cowen,* 252. *State vs. Clark,* 2 *Tyler,* 277. *Long vs. Bailie,* 4 *Serg. & R.* 226. *Ferusler vs. Carlin,* 3 *Serg. & R.* 130. *Carman vs. Foster,* 1 *Ashmead,* 133. *Smith vs. Down,* 6 *Con. Rep.* 365. *Moore vs. Hitchcock,* 4 *Wend.* 292. *Phillips' Ev.* 34. *Pick.* 156.

Even if the witness had been interested in the suit, yet he was so interested that he was reduced to a state of neutrality, and was competent. 2 *Stark.* 750. *Wright vs. Mitchell,* 1 *Bibb,* 298. *Cushman vs. Laker,* 2 *Mass. Rep.* 108. *Nesby vs. Swearingen, Addison's Rep.* 144. *Ilderton vs. Atkinson,* 7 *L. R.* 480. Still further, if interested at all, he was interested against the defendant, who had a right to waive the objection, and have his testimony go to the jury. *Hamlin vs. Fitch, Kirly's Rep.* 174. *Storrs vs. Wetmore, Kirly's Rep.* 203. *Jackson vs. Vredenbergh,* 1 *J. R.* 159. *Jacobson vs. Fountain et al.,* 2 *J. R.* 170.

The courts always look to the points a witness is called to prove; and, if he is competent to establish any facts, he will not be excluded. *Jacobson vs. Fountain et al.,* 2 *J. R.* 170. 4 *Cranch,* 62. *Bent vs. Baker and another,* 3 *Dur. & East, Rep.* 27.

*Ashley & Watkins,* contra.

If a witness supposes he is under an honorary though not a legal engagement, as to indemnify bail, he is still competent. 1 *Stark. Ev.*

103.  *Pederson vs. Stoffles*, 1 *Camp.* 145.  *Union Bank vs. Knapp*, 3 *Pick.* 108.  A witness who conceives himself under a legal engagement, is incompetent, although he is mistaken.  *Fotheringham vs. Greenwood, Strange*, 129.  *Rex vs. Walker*, 1 *Ford*, 145.  *Trelawney vs. Thomas*, 1 *H. Black.* 3117.  *Rudd's Case, Leach C. C. J.* 154.  *Skillinger vs. Bolt*, 1 *Con. Rep.* 147.  *Richardson's Ex'r. vs. Hunt*, 2 *Munf.* 148.  4 *Bibb*, 445.  *Freeman vs. Luckett*, 2 *J. J. Marsh*, 391.  *Trustees of Lansingburgh vs. Willard*, 8 *John.* 428.  *Plumb vs. Whiting*, 4 *Mass. Rep.* 518.

The only authorities adverse to this doctrine appear to be 2 *Tyler*, 273; 4 *Serg. & R.* 226.  A witness, when not a party to the record, may be called to testify against his interest, if the party calling him is willing to run the risk.  *Long vs. Baillie*, 4 *Serg. & R.* 226.  *Swift Ev.* 77.  1 *Stark. Ev.* 165.  1 *Bibb*, 154.  1 *Little's Rep.* 108.  *Same*, 221.  *Hurd vs. West*, 7 *Cowen*, 752.

The testimony, if admitted, would not have sustained the plea of accord and satisfaction.  Upon a settlement of claims against two persons, the obligation of one of them, with extension of time, without security, is, in law, no accord and satisfaction.  *Cro. Eliz.* 727.  1 *Esp. Ni. Pri. 2d Part*, 67.  *Clow vs. Borst*, 6 *J. R.* 47.  *Bird vs. Cavitat*, 2 *J. R.* 342.  *Kellogg vs. Richards*, 14 *Wend.* 116.

*By the Court,* LACY, J.

There is considerable conflict in the authorities, with regard to the kind of interest disqualifying the witness from testifying.  We have looked into the different cases with some attention, and, although the rule varies, still we think the later and better authority is, that the interest to disqualify a witness must be legal and certain in the event of the suit, or in the record as an instrument of evidence.  However, minute the interest may be, it will still disqualify.  The legal interest in the event of a suit, is contradistinguished from mere prejudice or bias, or any other of the numerous motives by which a witness is supposed to be governed.  If the witness is really interested in the event of the suit, although he may presume he has no interest, he is disqualified.  The reason given is, that it would be dangerous to violate a general rule because the witness mistakes his responsibility.  If the

witness supposes that he is under an honorary, though not a legal, engagement, he is still competent. The objection, in such a case, would go to his credit, and not to his competency. The reason why a person is incompetent from interest, is the supposed temptation to perjury. This, it is presumed, will create a bias on his mind, which may induce him to testify incorrectly, to benefit himself. In *Vaness vs. Verhue*, 3 *J. Cases*, 82, it is said, " that, if a witness will not gain or lose by the event of a cause, or if the verdict cannot be given in evidence for or against him, in another suit, the objection goes to his credit only, and not to his competency. There are a great number and variety of cases which make the witness's incompetency depend upon his fixed legal interest. 1 *Stark. Ev.* 102, and cases there cited. *Long vs. Bayley*, 4 *Serg. & R.* 327. *Union Bank vs. Knapp*, 3 *Pick.* 108. *Pederson vs. Stoffles*, 1 *Camp.* 145. 1 *Str.* 129. *Doug.* 134. 1 *T. R.* 163. *Stewart vs. Hipp*, 5 *J. R.* 256.

Where a witness thinks himself interested, there is the same reason to suspect a bias on his mind, as if his interest was real. *Skillinger vs. Bolt*, 6 *Con. Rep.* 147. *Stencny vs. Overton*, 4 *Bibb*, 445. *Plum vs. Whiting*, 5 *Mass.* 518. *Peter vs. Ball*, 4 *Har. & McIlen.* 314. And in the case of *The Trustees of Lansingburgh vs. Willard*, 8 *J. R.* 428, the court take this distinction. If the witness declares himself interested on the side of the party who calls him, and his interest is so situated that he cannot be released, in such case he ought not to be sworn, though, in strictness of law, he is not interested; but, if his interest be against the party calling him, and he will run the risk of a bias upon his mind, then he should be permitted to testify. But, in *Gilpin vs. Vincent*, 9 *J. R.* 220, where a witness had, in fact, no fixed legal interest in the event of the suit, but merely felt himself obligated, in honor, to share the loss or pay the debt, then he was considered competent, and permitted to be sworn. And so it is ruled in *Moore vs. Hitchcord*, 2 *Wend.* 292.

The principle here stated clearly shows, that the interest of the witness called is merely honorary; that his testimony, so far from lessening his responsibility, would increase it. He had no direct, fixed interest in the suit. The Court therefore erred in excluding his testimony, as his interest was merely honorary; and, although his testimo-

ny may not be sufficient to overthrow the other evidence, as appears of record, still we are unable to say what influence it might have had upon the minds of the jury, if received; and therefore the motion of the plaintiff in error for a new trial, ought to have been granted.

Reversed, and new trial awarded.