Martin, J.
The plaintiff is appellant from a judgment of nonsuit. The .action was brought upon a promissory note by process of attachment levied on a number of bales of cotton and on money, which were claimed by Woods, an intervening party. The cotton and the proceeds in money, so attached, were claimed by Woods as having been his property in the State.of Mississippi, from which they were shipped to New Orleans. He claimed *6 under a deed of trust from the defendants, all the parties to which were residents and citizens of Mississippi, within which the cotton was at the time. He avers, that he did then and there take possession of it, thereby acquiring, under the laws of that State, a complete title thereto ; and that, before the levying of the attachment, the money resulting from the sale of part of the cotton, had been credited by the consignees to him.
The case has been argued in this court by the counsel of the defendants, and of the intervening party ; and the conclusion to which we have arrived in regard to the claim of the latter, renders it useless to notice the arguments of the former.
The plaintiff’s counsel contends, that the deed of trust under which the intervening party claimed, is null and void : 1st, because the defendants were embarrassed ; 2d, as the conveyance is of all their property; 3d, because they give a preference among their creditors; 4th, because they dictate terms to them ; 5th, because the defendants retain possession; 6th, on the ground that the deed is for the benefit of the son of one of the defendants; 7th, because the amount of the debts is indefinite ; 8th, because the cestuis que trust are not parties; 9th, on the ground that the trust was destructive of the property which was the object of it; 10th, because the trustee was no creditor; 11th, because the deed was voluntary; and 12th, as it was for the benefit of the grantors.
.1. The embarrassment of a debtor is ordinarily the inducement to the execution of a deed of trust, by which he is enabled, in the countries where the common law of England prevails, to dispose of his property, not only for the benefit of all his creditors, but, at times, for that of particular ones. The counsel have admitted, that the common law prevails in the State of Mississippi; and have consented, that the printed statutes of that State, and any common law works, may be used in this case. From those authorities it appears, that a debtor is not prohibited from discriminating among his creditors and granting a preference to some. 2 John. Ch. R. 283. I Binney, 513.
2. It may be a badge of fraud in a conveyance or sale, not to a creditor, that the grantor or vendor disposes of all his property, for it will be presumed that his object is to leave nothing which his creditors may touch ; but when the conveyance is a trust for *7 the benefit of his creditors, it cannot be objected to him, as an evidence of fraud, that he has retained nothing.
3. This objection has been answered with the first.
4. The debtor having a right, according to the law of Mississippi, to select such of his creditors as he intends to pay, may well propose to all or any of them, the terms on which the payment is to be made.
5. The possession of the vendor, after the sale, may be urged by third parties ; but, in a mortgage or deed of trust, the possession of the property until the sale be made, is not inconsistent with the deed, and raises no presumption of fraud. 1 Tuck. Comm. Laws of Va. 338, 340, and cases there cited. Land v. Jeffries, 5 Rand. 252.
6. The son of one of the defendants is placed among the cestuis que trust, as a creditor for the sum of three thousand dollars, for services as an overseer. He is a young lad ; but that, and his relationship to one of the defendants, do not authorize us to conclude that the debt is not a fair one, there being no evidence of the demand being fraudulent.
7. A debt may be described by the name of the creditor, and its amount left to be ascertained. Id cerium est, quod certum reddi potest.
8. The cestuis que trust are probably never made parties to the deed; for, if they were, its character would be changed. It would become a mortgage or pledge, and the grantee would not be a trustee, for he would hold in his own right.
9. This objection is grounded on a fact from which the counsel draws a violent presumption of fraud, which he contends ought to induce us to set aside the deed of trust in favor of the intervening party. The defendants had originally granted to Henderson, for certain purposes, a deed of trust on several plantations, and the slaves and cattle, horses, &c., thereon, reserving to themselves the possession, and the crops in the meanwhile resulting therefrom. The deed of trust of the intervening party includes these crops, that is to say, the cotton, corn, fodder, hay, &c., which are to be sold by the trustee ; so that, in the opinion of the counsel, the slaves, cattle, horses, mules, and every animal on *8 the plantations must starve, every part of the crop from which their sustenance had been provided for, being disposed of.
In retaining possession of the plantations, slaves, and animals, with the right of raising and disposing of the crops, the defendants certainly undertook the obligation to provide for the sustenance of the slaves and animals.' But this obligation did not last longer than the possession. A violation of it cannot be urged by the second trustee, who had no interest in its performance. It was no fraud as to him, and cannot be urged by a third party as evidence of ill faith, either in the grantor or'grantee ; certainly not in the latter. Fraud will not be presumed; and the record not showing whether any, or what arrangements have been made with Henderson, the first trustee, we must presume that no injury was either intended or done to him; at least, none the knowledge of which is brought home to the intervening party.
10. This objection has been answered with the eighth.
11. it is of the essence of a deed, or contract, that it be voluntarily executed. If the assent be extorted, the deed or contract is null.
12. It is urged, that the deed is for the benefit of the grantors. It provides that the trustee, after complying with the terms of the trust, shall pay the balance remaining in his hands to Thomas Henderson, to be by him applied to the purposes of a former deed of trust of the defendants and Mary Rowan. By this former deed the grantors reserved to themselves, the right to pay, out of the crops sold by them, such small debts as they might owe, not provided for by the deed, the current expenses of the plantations and of their families, and the trustee, Henderson, had the option to take charge of the crops and sell them ; but he was; out of the proceeds, to pay the current expenses of the plantations, and those of the families of the grantors. It is urged, that any balance remaining in the hands of Woods, after complying with the charges of the deed of trust to him, was to be paid to Henderson ; and that out of it the grantors had secured to themselves the expenses of their families. It does not appear to us that they did. They might, indeed, retain those expenses out of the proceeds of the crops which they sold ; and Henderson did not become bound to pay those expenses, except out of the crops of *9 which he took charge, and which he sold. No other funds in the hands of Henderson were made liable to those expenses; so, no balance which Woods might pay, could, in his hands, be liable to such expenses. It is clear that the deed to Woods secured nothing to the defendants.
The plaintiff did not attach any property of the defendants. He did not bring them into court, and judgment was correctly given against him.

Judgment affirmed

*

 Chinn, for a re-hearing. The question in this case is, whether the conveyance to Woods was made, in the language of the statute of Mississippi, to “ hinder, delay, or defraud creditors.” It is conceded, that a party may prefer one creditor to another ; but if, by doing so, he attempt to secure any advantage to himself, the deed is void. The embarrassed condition of the grantor, from Twyne’s case, reported by Coke, down to the present day, has been invariably regarded as a badge of fraud. 1 Coke’s Rep. 836. 4 Bibb, 446. 3 Mar. 241. 2 Litt. 221. 3 Monroe, 3. As to the conveyance being of all the grantor’s property, see 4 Bibb, 165 Lord Kaimes, Principles of Equity, 492, 497. 5 Term Rep. 420. 1 Mar. 105.
The retaining of possession by the vendors, is not merely evidence of fraud, but is a fraud'per se. 2 Kent’s Comm. 412. Where those for whose benefit a deed is made, are not parties to it, the deed is void. See Combs v. M’Kinley, 1 Monroe, 1. The objection that the deed to Woods was voluntary, has been misapprehended by the court, and confounded with the voluntary execution of it. A deed executed without consideration is voluntary, and such a deed is void. Any reservation in a deed of trust, or assignment, for the benefit of the grantors, avoids it. See 2 Kent, 422. The deed to Woods did secure something to the grantors. It provides, that the surplus, after paying the debts therein provided for, shall be paid to Henderson, to be by him applied to the purposes of the deed of trust to him. By the deed to Henderson, the grantors are secured the possession and enjoyment of their property, for the support of themselves and their families, upon paying annually twenty per cent on the amount of the debts enumerated in the deed.
In the case of Pitts’ Trustees v. Viley, 4 Bibb, 446, four only of the twelve badges of fraud relied on in this case, presented themselves : 1st, Pitts was embarrassed ; 2d, the conveyance was of all his estate, real apd personal, and there was no covenant on the part’of the trustee to fulfil the trust; 3d, Pitts was permitted to retain possession of the property, and to sell a part of it; 4th, the creditors were not consulted, nor were they parties to the deed. These circumstances induced the court to decide, that the conveyance was fraudulent. Boyle, J., in delivering the opinion of the court, remarks, that although separately considered, neither of these circumstances might suifice to defeat the deed, the whole, together, were conclusive evidence of an intent to hinder and delay the creditors of Pitts. But, in the present case, the deed is absolutely void, as the creditors, for whose benefit it *10 was made, were not parties to it. In the case of M’ICinley and Combs, already quoted, Grimes executed a deed of trust of all his property to Judge M’Kinley, for the payment of all his debts. Combs, a creditor not provided for, resisted the conveyance, and the court decided, that inasmuch as M’Kinley was not a creditor, and the cesiuis que trust were not parties, nor assented to it at the time of its execution, it was absolutely void as to Combs, a creditor. See also the eases in 1 J. J. Marshall’s Rep. 213, 226, 342. 4 Monroe, 581.
The court have concluded, as no property of the defendants was attached, that the defendants were not before the court. But the record shows, that the defendants appeared by their counsel and pleaded.

Tie-bearing refused.