## ANDERSON v. COLLINS.

1. When the plaintiff and defendant are the only witnesses in an action upon an account for a sum not exceeding one hundred dollars, under the statute of 1839, the denial by the defendant, on oath, of the facts sworn to by the plaintiff, deprives the testimony of the latter of all force whatever.

ERROR to the County Court of Mobile.

GIBBONS, for the plaintiff—submitted the cause.

ORMOND, J.—The action was commenced by Collins, before a justice of the peace, on an open account, and judgment being rendered against him, he appealed to the county court. Upon the trial in that court, the plaintiff and defendant, were the only witnesses, and the defendant moved the court to charge the jury, that if they believed the defendant had, by his oath, contradicted the oath of the plaintiff, then they must find for the defendant, as there was no other testimony. The court refused the charge, and instructed the jury, that they must draw their own conclusions as to the contract. The jury found a verdict for the plaintiff, for twenty-five dollars.

As the sum in controversy in this case, exceeds twenty dollars, the parties could not have been examined as witnesses under the statute, authorizing the parties to be examined on oath, when the sum claimed is under twenty dollars. The only statute upon which the testimony of the parties to the suit was admissible, is the act of 1839. "In all suits to be commenced up-

on accounts for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant."— [Clay's Dig. 342, § 161.] It is plain, that the court erred in its charge. The denial by the defendant on oath, of the truth of the facts sworn to by the plaintiff, by the express terms of the statute, deprived it of all force as testimony, and there being no evidence before the jury of the justice of the demand, the jury should have been required to find for the defendant.

Let the judgment be reversed, and the cause remanded.