## JONES AND SURETY v. McLUSKEY.

1. Under the act of 1839, which declares that in suits on accounts, where the amount in controversy does not exceed one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same is controverted by the defendant, the denial, on oath, by the defendant, of the truth of the facts sworn to by the plaintiff, is sufficient to de-

prive the plaintiff's statement of all influence as testimony; yet the effect
of the defendant's denial, will not be impaired, if, in addition thereto, he
make out an account between himself and the plaintiff, and verify it at the
trial.

Writ of error to the County Court of Mobile.

THIS was a suit commenced by the defendant in error be-
fore a justice of the peace, and removed by appeal to the
County Court.   On the trial, both the plaintiff and defend-
ant were sworn to testify under the act of 1839, though the
amount in controversy exceeded twenty dollars.   The plain-
tiff testified that he worked for the defendant, who was a
master wheel-wright prior to August, 1845; that about that
time he agreed to make three drays for the defendant for the
sum of fifty two dollars, but could not finish them, as the
hubs had not been received by the defendant, from New
York, where he was to obtain them.   Plaintiff further testi-
fied, that since the 25th July he had done work for the de-
fendant amounting to $63 60, and had received from the de-
fendant $35 50; embraced in the charge for work is $27 for
work done on the three drays.

The defendant testified that he informed the plaintiff when
the contract was made in respect to the drays, that he had
ordered the hubs from New York; he also denied the plain-
tiff's account, and produced an account taken from his books,
which he verified.   This account shows, that exclusive of
the work on the drays, the defendants work for the plaintiff
amounted to $24 25, and that he had paid not only this sum,
but $28 89 for the drays.   He also testified that he inform-
ed the plaintiff, when the hubs arrived in Mobile, but he re-
fused to complete the work; in consequence of which he had
to pay another man $25, which, added to what he had paid
the plaintiff, makes more than the sum agreed to be paid.

The court charged the jury, that if the defendant had con-
tented himself with a mere denial of indebtedness, there
would be no evidence before the jury; but inasmuch as he
had produced a written statement of charges and credits, the
jury could take it and examine its items, and compare them
with the account of the plaintiff, and from such examination

determine whether there was a debt due the plaintiff. The jury returned a verdict for the plaintiff, and judgment was thereupon rendered.

G. N. STEWART, for the plaintiff in error, cited Cave, use, &c. v. Burns, 6 Ala. Rep. 780 ; Anderson v. Collins, Id. 783 ; Clay's Dig. 342, § 161.

A. Fox, for defendant in error, cited Haden v. Boyd, 8 Ala. Rep. 323; Calvert v. Wilson, Id. 757 . Bennett v. Armistead, 3 Ala. Rep. 507 ; Anderson v. Collins, 6 Id. 783 ; Clay's Dig. 342, § 161.

COLLIER, C. J.—The act of 1839 declares, that in all suits commenced upon account, in which the amount sought to be recovered does not exceed one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant ; but this section shall not apply to the case of executors, &c. [Clay's Dig. 342, § 161.] In Anderson v. Collins, 6 Ala. Rep. 783, this statute was drawn in question, and we there held, that the denial of the defendant of the truth of the facts sworn to by the plaintiff, deprived the statement of the latter of all influence as testimony. Here the defendant not only denied in positive terms, the plaintiff's account, but attempted to support his denial by proving a statement of the accounts between the parties, which he had himself made. It is admitted, that if the defendant had merely testified the plaintiff's account was incorrect, then the force of the testimony of the latter would have been destroyed. This being the case, we cannot conceive upon what principles of reason or law, the additional facts should have weakened the denial of the defendant. In point of reason, it should rather have imparted weight to it, and the statute cannot, according to any rules of construction make it prejudicial. At most it was unnecessary and useless ; and the maxim *utile per inutile non vitiatur* applies with all force.

The judgment of the County Court is reversed, and the cause remanded.