PHILLIPS and others *vs.* BENEDICT and others.

Where it appeared, on a motion to vacate an order of arrest, that one of the defendants, after the goods obtained by them from the plaintiffs, had been transferred by the defendants to another firm, admitted that they, the defendants, had made such transfer, stating that they had done so for the purpose of keeping their stock out of the hands of their creditors; that it was really the same as if they still owned the goods; and that they, the defendants, were still in possession; the truth of which admission was corroborated by other evidence, and the circumstances of the transaction; *Held* that the order of arrest should be upheld, on the ground of the fraudulent disposition of their property by the debtors. SUTHERLAND, J. dissented.

APPEAL from an order made at a special term denying a motion to discharge an order of arrest. The order was originally granted on the grounds of false representations made by the defendants in contracting the debt, and a fraudulent disposition made of the property purchased of the plaintiffs, by them.

*D. D. Lord*, for the appellants,

*Wm. E. Curtis*, for the plaintiffs.

CLERKE, P. J. While I am not, by any means, confident that the order of arrest is sustainable on the ground of false representations in contracting the debt, I think it should be upheld on the ground of the fraudulent disposition of property. Farnam, one of the defendants, indeed, denies that he made the admissions relative to this latter point, which Phillips, one of the plaintiffs, alleges and particularly sets forth in his affidavits. But, these admissions are emphatically detailed and confirmed by Moss, who was present when Farnam came to the plaintiffs' store, for the purpose of requesting of them to countermand the order transmitted by telegraph to return the goods. On that occasion he said that the defendants had made the transfer simply for the purpose

of keeping their stock out of the hands of their creditors; that it was really the same as if they still owned the goods, and that the defendants were still in possession. This allegation of the plaintiff is, as I have said, contradicted by the defendant; but as the former is corroborated by the testimony of an indifferent person, whose character is unimpeached, we cannot hesitate to disregard the denial of the latter. Besides, I think the whole circumstances of the transaction farther corroborate the plaintiffs' representations. The firm, to which the alleged sale was made, seems to have been manufactured for the occasion; the notes given for the purchase, instead of passing directly to the defendants, were given to Sutton; of which sum, to the amount of $2700 or $2800 were retained by him, in payment of an alleged indebtedness of the defendants to him, and the remainder, amounting to about $7000, was given back to Orrin Benedict, one of the purchasers, for an alleged indebtedness to him. No proof whatever is offered, to show the existence of this indebtedness to Sutton and Orrin Benedict, except their incidental assertions. The defendants, as well as Sutton and Orrin Benedict, in their affidavits, carefully avoid all allusion to this disposition of the notes; and it is only proved by William F. Taylor, an attorney in Connecticut, who testifies to admissions made by Sutton and Orrin Benedict, at an examination before the superior court of Fairfield county, in that state. I think it also a suspicious circumstance, that, although there was a written transfer of the goods, and although it is particularly stated that it was intended the new firm should add to the stock, and continue the business precisely as before, nothing is said of an assignment or conveyance of the premises in which the goods were situated and the business was conducted. It is, indeed, alleged that they took possession; but they do not tell us how. If they had not the legal right to occupy the store; if it still remained Benedict & Farnam's, and if the goods were not removed, there was scarcely a sufficient legal change of

possession. Altogether, the circumstances are confirmatory of the statements alleged to have been made by Farnam, in the presence of Phillips and Moss.

The order of the special term should be affirmed.

ALLEN, J. concurred.

SUTHERLAND, J. dissented.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Allen* and *Sutherland,* Justies.]