Ford *v.* Haskell.

---

## SUPREME COURT OF ERRORS.

### NEW LONDON COUNTY, MARCH TERM, 1865.

Present,

HINMAN, C. J., DUTTON, BUTLER, McCURDY AND PARK, Js.

---

HENRY N. FORD *vs.* GILES HASKELL, ADMINISTRATOR.

The plaintiff had worked for his mother, the defendant's intestate, upon a farm, under an agreement by which he was to receive his board and clothing, and an additional compensation in money. The parties were at issue as to what the money part of the compensation was to have been, and the defendant offered in evidence declarations made by the intestate to a third person while she was purchasing clothing, that she was purchasing it for the plaintiff, and that she was to give him for his work on the farm his board and clothing and $100 per year. Held, that her declarations were admissible only so far as they explained her act, and that therefore all was inadmissible except her declaration that she was purchasing the clothing for the plaintiff under her contract.

Where there are circumstances which create a strong suspicion against an account upon which a suit is brought, there is yet no rule of law which forbids the jury to find a verdict for the plaintiff on his own testimony alone.

---
---

ASSUMPSIT, brought against the defendant as administrator of the estate of Sarah Ford, deceased, for work done for her upon a farm by the plaintiff, who was her son ; tried to the jury in the superior court on the general issue, before *Mc Curdy, J.*

Upon the trial of the case it was proved and admitted that the plaintiff lived with his mother and carried on her farm for her, from the 21st day of November, 1851, to the 1st day of April, 1861, under a contract between them that she should furnish him his board and clothing, and in addition pay him a compensation in money as wages for his services. It was also admitted that she did board and clothe him, and in addition thereto did pay him at different times sums amounting in all to about $300. The plaintiff claimed and offered evidence to prove that by the agreement she was to pay him, besides his board and clothes, as much as his services should be reasonably worth, and that they were worth the sum of $165 per year. The defendant claimed and offered evidence to prove that, besides his board and clothes, she was to pay him the sum of $100 per year, and that she had paid him in full. Among other testimony the defendant offered a witness to prove that at one time when she was buying an article of clothing she said it was for the plaintiff, and then stated the contract to be as now claimed by the defendant. To the admission of this testimony, so far as it related to the money part of the compensation, the plaintiff objected, on the ground that he was not present ; and the court rejected it.

It was admitted that the plaintiff did not make his charges or present his account to his mother during her life, but that he first presented it to the defendant as administrator. The defendant claimed, as a matter of law, that the account having been first made out after a controversy had arisen respecting his wages, this fact created so strong a suspicion against the justice of the account, that the plaintiff could not recover on his own testimony alone : and requested the court so to charge the jury. The court charged the jury that this fact did create a strong suspicion against the justice of the account, and that in consequence thereof it must be sustained by an

additional amount of testimony, so that the evidence should be sufficient to remove the suspicion and satisfy the jury of the justice of the debt.

The jury rendered a verdict for the plaintiff, and the defendant moved for a new trial for error in the rulings and charge of the court.

*Wait*, in support of the motion, cited, as to the admissibility of the evidence, *Enos* v. *Tuttle*, 3 Conn., 250; *Wooden* v. *Cowles*, 11 id., 301; *Russell* v. *Frisbie*, 19 id., 205; *Comins* v. *Comins*, 21 id., 418; *Pool* v. *Bridges*, 4 Pick., 378; 1 Greenl. Ev., §§ 147, 148, 153; and as to the insufficiency of the plaintiff's sole testimony in the circumstances, 1 Swift Dig., 729.

*Halsey*, contra, cited as to the first point, 1 Greenl. Ev., § 108; 1 Stark. Ev., 47, § 28; *Wooden* v. *Cowles*, 11 Conn., 292; and as to the second point, 1 Swift Dig., 767; 1 Greenl. Ev., § 2; 1 Stark. Ev., 451, § 53.

PARK, J.  The parties were at issue in the court below upon the question respecting the consideration the defendant's intestate agreed to pay the plaintiff for his services in carry-ing on her farm.  It was claimed by the plaintiff that he was to receive his board and clothing, and in addition thereto such a sum in money as his services were reasonably worth.  On the part of the defendant it was claimed that in addition to his support he was to receive the sum of one hundred dollars per year.

The defendant in support of his claim offered in evidence the declarations of his intestate, made at a time when she was purchasing an article of clothing for the plaintiff, but not in his presence and hearing.  She declared, as the defendant offered to prove, that she was buying the article for the plain-tiff on her contract with him respecting the management of her farm, and then went on to state the entire contract in relation thereto, representing it to be the same as the defendant now claims it to have been.  The plaintiff objected to the dec-

larations so far as they related to the money part of the compensation, and the court rejected them ; and the question is whether they can be regarded as a part of the *res gestæ.*

The term " *res gestæ* " includes a declaration that explains or characterizes some act that is then being performed by the declarant. Let us apply the principle to the case in question.

The defendant's intestate is purchasing an article of clothing. She says she is doing it for the plaintiff in fulfillment of her contract with him in relation to carrying on her farm. This fully explains her act. The other terms of the contract, such as the length of time it was to run, what compensation was to be paid in addition to clothing, if any, and many other similar provisions it may have contained, could give no additional explanation, for they are in reference to matters disconnected entirely from what she is doing. Her contract required her to furnish clothing. She is fulfilling that part of it. She is doing nothing in relation to the money she agreed to pay, and whether the plaintiff or the defendant is in the right in regard to the amount is of no importance. We see no error in the ruling of the court on this question. Neither do we discover any in the charge to the jury.

The defendant requested the court to charge, that owing to certain suspicious circumstances connected with the plaintiff's claim, he could not sustain the action by his testimony alone. The court very properly refused to comply with this request. There is no arbitrary rule of law requiring that evidence to satisfy the jury shall come from any particular source. In the case of *The State* v. *Wolcott*, 21 Conn., 272, Chief Justice Church, in commenting on the testimony of an accomplice, says :—" The law would not admit proof which it had decided *a priori* should not be believed when admitted. If credible at all it may be sufficiently so to produce belief and conviction; and this is not unfrequently true in fact. The degree of credit which is due to an accomplice is a matter exclusively for the jury." If such is the law in a criminal case, it certainly is not more stringent in a civil one.

A new trial is not advised.

In this opinion the other judges concurred; except Mc-Curdy, J., who having tried the case in the court below did not sit.