Delvee v. Boardman.

## DELVEE v. BOARDMAN.

1. **Evidence:** SEDUCTION: CHARACTER OF DEFENDANT. In an action for seduction, the general character of the defendant for chastity is not involved, and testimony sustaining it should not be admitted.

2. **Seduction:** INSTRUCTION: EVIDENCE. In an action for seduction, evidence showing that the plaintiff was a person of weak mind may be considered by the jury as obviating the necessity for proof of the use of as many or as peculiar seductive acts as if she was a person of strong mind; but it could not warrant an instruction to the jury that it would obviate the necessity for as "strong and conclusive proof of the defendant's guilt as it would if she were a person of strong mind."

3. —— WHAT IS NECESSARY TO ESTABLISH. The fact of illicit intercourse between the plaintiff and defendant would not, of itself, establish a charge of seduction. The plaintiff must show that her consent thereto was obtained by flattery, promises, or other artifices used by the defendant.

4. **Instruction:** WEIGHT OF EVIDENCE. The weight of evidence should be determined by the jury; and an instruction to the jury that if they find the evidence of the plaintiff "is the only positive evidence of material allegations, and that her evidence is contradicted in all the material points by an unimpeachable witness, then the jury must find for the defendant," was clearly erroneous.

5. **Practice:** MOTION FOR NEW TRIAL. Under section 1, chapter 49, Laws of 1865, a motion for a new trial on the ground of errors of law committed by the judge, is not necessary to secure a review of the rulings complained of, in the Supreme Court.

6. **Constitutional law:** PRACTICE. Whether that part of section 2, chapter 49, Laws 1866, which seeks to make the Supreme Court an appellate tribunal for the retrial of questions of fact upon the evidence in a case at law, is inconsistent with section 4, art. 5 of the Constitution, *query?*

Delvee v. Boardman.

*Appeal from Jefferson District Court.*

WEDNESDAY, JUNE 13.

THIS is an action by an unmarried female to recover damages for her own seduction, such an action being authorized by section 2790 of the Revision.

There was a trial to a jury which resulted in a verdict and judgment for the defendant. The plaintiff appeals.

*Negus & Culbertson* for the appellant.

*J. F. McJunkin* for the appellee.

COLE, J. — On the trial of the cause the plaintiff introduced no evidence tending to impeach the general character of the defendant, or as to his character as a chaste and virtuous man.

1. EVI-
DENCE:
seduction.

But the court allowed the defendant, in his defense, and against the objection of the plaintiff, to introduce testimony to show "that the defendant sustained, in the neighborhood where he resided, a good and virtuous character." This ruling was duly excepted to, and is now assigned as error.

In civil cases, evidence of the general character of parties is not admitted unless the action involves the general character of the party, or goes directly to affect it. 1 Greenl. Ev., § 54. In an action for seduction, the general character of the female for chastity is essentially involved. 2 Greenl. Ev., § 577. But not so as to the character of the defendant. *McRea* v. *Lilly*, 1 Ired., 118; *Maguinay* v. *Sandek*, 5 Sneed, 146. It was error, therefore, to admit the testimony.

The plaintiff asked the court to instruct the jury "that if they are satisfied that the plaintiff is a person of weak

Delvee v. Boardman.

2. SEDUC-
TION: in-
struction:
evidence.
mind, then in order for them to come to the conclusion that plaintiff was seduced by the defendant, it does not require as strong and conclusive proof of defendant's guilt, as it would if she was a person of strong mind." This instruction was refused, and rightly so, as most of it would only be a circumstance to be considered by the jury in connection with the other facts and circumstances proven in the case. And the effect of this circumstance or fact would naturally be to obviate the necessity for the proof of the use of as many or peculiar seductive arts and the like.

On motion of the defendant the court instructed the jury in substance, that the fact of illicit intercourse

3. —— what
is necessary
to establish.
between the plaintiff and defendant, if proven, would not of itself establish the charge of seduction; but that it was also necessary for plaintiff to prove that her consent thereto was obtained by flattery, promises, or other artifices used by the defendant. This instruction was excepted to, and the giving of it is now urged as error. There was no error in giving it, as has been twice before held by this court. *Gover* v. *Dill,* 3 Iowa, 337; *Stevenson* v. *Belknap,* 6 Id., 97; see, also, *Hill* v. *Wilson,* 8 Blackf., 123; but *contra, McAuley* v. *Birkhead,* 13 Ired., 28.

The court also instructed the jury, at the instance of the defendant, and against the plaintiff's objections, "that if

4. INSTRUC-
TION:
weight of
evidence.
the jury find that the testimony of the plaintiff, Lucy, is the only positive evidence of material allegations, and that her evidence is contradicted in all the material points by an unimpeached witness, then the jury must find for the defendant." This instruction was clearly erroneous. The jury are the proper judges of the credibility of witnesses, under the legal rules to be given them by the court. Although the plaintiff may have been contradicted in all the material points by an

Delvee v. Boardman.

unimpeached witness, yet, if she had superior advantages to such witness, for knowing the facts testified to by her, and gave her testimony in a clear, candid and straight-forward manner, and furthermore was corroborated by independent facts and circumstances, testified to by other witnesses, the jury would be justified in giving credit to her testimony instead of the unimpeached witness. At all events, it was error for the court to take from them the province of weighing the entire evidence in the case, and directing them that, upon the single fact of the plaintiff's being contradicted, on all material matters, by an unim-peached witness (and possibly that witness being the defendant himself), they *must* find for the defendant.

It is objected, by the counsel for the appellee, that the admission of the testimony as to defendant's character for chastity, and the giving and refusing of the instructions above mentioned, were not properly and specifically assigned in the motion for a new trial as grounds therefor.

5. PRAC-
TICE:
motion for a
new trial.

However this objection might have been regarded aside from any statute, it is very clear that, under section 1 of chapter 49, of the acts of the Eleventh General Assembly, approved March 24, 1866, and which took effect April 4, 1866, it cannot be of any avail. That section provides, that a motion for a new trial, on the ground of errors of law committed by the judge, is not necessary in order to review such action.

Whether that part of the second section of that act, which seeks to make the Supreme Court an appellate tribu-nal for the retrial of questions of fact upon the evidence in a law case, instead of a "court for the correction of errors of law," as provided by section 4, article 5, of the Constitution, is in conflict with the Constitution, it is not necessary for us in this case to determine.

6. CONSTI-
TUTIONAL
LAW:
practice.

Reversed.