## BURNETT *vs.* HARRIS.

The testimony of parties who appear as witnesses on the trial of a cause must be weighed by the same rules, substantially, which apply to the testimony of other witnesses.

There are no exceptional rules which apply to such a case. If there can be any difference, it is only that the testimony of parties in their own favor should be more carefully scrutinized, and cautiously received by jurors, than that of other witnesses.

But this applies to both parties ; and in all cases where they are witnesses and contradict each other, the jury must necessarily decide between them.

APPEAL from an order of the county court of Monroe county denying a motion by the plaintiff for a new trial, upon a case made in that court. The case tried in the county court was upon an appeal from a judgment rendered by a justice of the peace, in favor of the defendant, under section 352 of the Code of Procedure.

The only question was, whether the defendant had paid the plaintiff $40 and interest, which he had borrowed of him. The plaintiff and defendant were both examined as witnesses, on the trial.

*E. A. Raymond,* for the appellant.

*Geo. E. Ripson,* for the respondent.

*By the Court,* JOHNSON, J. This is an appeal from the decison of the county court refusing to grant a new trial in a cause tried therein.

The evidence before the jury in that court was conflicting, each party swearing directly against the other. The question was whether certain moneys loaned by the plaintiff to the defendant had been paid. On this question the parties, who were the principal witnesses, testified directly against each other. The jury gave credit to the defendant's evidence and rendered a verdict in his favor. On the trial there was evidence given, to impeach, and also to sustain the plaintiff's character for truth. The error mainly relied upon is the refusal of the county judge to charge the jury as requested. The plaintiff's counsel requested the court to charge that the evidence of the defendant alone, as to the fact of payment, was not sufficient evidence of payment, where the fact of payment was denied by the plaintiff in his testimony ; that in such a case there was no preponderance of evidence in the defendant's favor which would authorize the jury to give him a verdict. The court refused so to charge, and the plaintiff's counsel excepted. The court charged the jury, in substance, that in view of all the facts and circumstances disclosed by the evidence of the parties, and their direct statements, they must determine on which side the preponderance of evidence lay, and decide accordingly. This was clearly correct. The testimony of parties who appear as witnesses on the trial of a cause must be weighed by the same rules, substantially, which apply to the testimony of other witnesses. There are no exceptional rules which apply to such a case. If there can be any difference, it is only that the testimony of parties in their own favor, should be more carefully scrutinized, and cautiously received by juries, than that of other witnesses. But this applies to both parties, and in all cases where they are wit-

nesses and contradict each other the jury must necessarily decide between them. The order refusing a new trial was right, and must be affirmed

[MONROE GENERAL TERM, March 2, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]