## SANBORN VS. BABCOCK.

*Money paid by mistake — Rule of evidence.*

In an action to recover money alleged to have been paid by plaintiff to defendant by mistake, upon a note, in excess of the amount due thereon, plaintiff testified to such payment, and produced a diary containing a memorandum made by him on the day of the transaction, which was in accordance with his testimony.  Defendant testified positively to the contrary, and produced the note with indorsements made thereon at the time in accordance with his testimony.  *Held*, that as there was no *preponderance of evidence* in plaintiff's favor, he could not recover.

APPEAL from the Circuit Court for *Dodge* County.
*Connit & Jacobs,* for appellant.
*Knowles & Babcock,* for respondent.

LYON, J.   The action was brought to recover thirty-six dollars, alleged to have been paid by the plaintiff to the defendant by mistake.   It was tried by the court without a jury, and the finding and judgment are for the defendant.   The plaintiff has appealed.   The case turns upon a single disputed question of fact.

The plaintiff testified that on a certain day he paid the defendant two hundred dollars in cash, on account of two promissory notes which the latter held against him, which, with an

account he held against the defendant of about sixteen dollars, paid the lesser note in full, and left a balance of about one hundred and fifty-three dollars to be indorsed on the other. Subsequently, he paid on the latter note a sum of money, which, by computation, he supposed was just sufficient to pay the balance thereof, but which, if he made the payment of $200, was more than sufficient by thirty-six dollars for that purpose. He also produced a pocket-diary in which was entered, in his hand-writing, under the date of the alleged payment, a memorandum, in pencil, of the payment of $200 to the defendant. The entry preceded another under the same date, and the diary contains numerous memoranda under other dates, in the same hand-writing, and all in pencil.

The defendant testified that the plaintiff did not pay him $200 on the occasion mentioned, but only a sum sufficient to pay the smaller note, and interest for one year, or thirty-five dollars, on the other. He also produced the note, the indorsements upon which corresponded with his testimony in respect to payments thereon.

The foregoing is all of the testimony bearing upon the question, and we are to determine therefrom whether the plaintiff has proved the payment of the $200, as he alleges.

The plaintiff holds the affirmative of the issue, and unless there is a preponderance of the testimony in support of his position, he must fail in his action. We are unable to find any such preponderance of testimony in his favor. The parties stand before the court equally credible, and the statement of one is equally as reasonable and consistent as the statement of the other. Then the corroboration of the plaintiff's testimony by his memorandum book is certainly no more weighty or significant than is the corroboration of the defendant's testimony by the note and the indorsements thereupon. The former contains the plaintiff's written version of the transaction made at the time it occurred, and the latter contains the defendant's written version thereof made at the same time. How, then, can

it be successfully claimed that there is a preponderance of the testimony in favor of the plaintiff? It seems very clear to us that the most that can justly be said in his favor, is, that the testimony is balanced, and hence, that the plaintiff failed to prove that he paid the defendant $200 in cash at the time in question, or any other or larger sum than is indicated by the indorsements upon the note. *Qualey v. Dunning*, 30 Wis., 296; *Bacon v. Bacon, ante,* p. 147; *Somervail v. Gillies*, 31 Wis., 152. Although the plaintiff erred in his computation, and was induced thereby to pay on the note $36 more than he otherwise would have paid, yet inasmuch as he has not overpaid the note, the mistake is not one to correct which an action can be maintained. This is doubtless what the learned circuit judge meant in his conclusion of law to the effect that the payments made by the plaintiff on the note were not made under any mistake of fact.

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.