By the Court.*—Smith, J.
There was no other evidence given or offered on the trial to establish the plaintiff’s infancy than her own testimony. The record in the family Bible was read; but there was no evidence that it was the family Bible, or to authenticate the entries read, except her testimony. There was no other proof to make the book or the entries therein admissible as evidence. The whole case, then, rests upon her unsupported and uncorroborated testimony.
•-Previous to the Code, the plaintiff’s interest in the event of the suit, even if she were not a party, would have absolutely disqualified her as a witness. The law has been changed so as to remove her disability as a party, to testify, and also the disqualification arising from her interest in the event of the suit. But the rules of law have not been changed, which declare that the interest of the witness affects his credibility, and that the question of credibility is one solely for the jury.
Whoever has witnessed in our courts the operation of the law by which parties and those directly and *359 most strongly interested in suits are permitted to testify therein, must have been convinced that it has opened a wide door for the perversion of the truth, and placed before litigants a temptation to falsehood and perjury, most difficult to resist. Those sound rules which remain undisturbed, and which determine the force and value of evidence derived from such sources, ought to be more carefully observed and enforced than ever before. That the interest of the witness must affect his testimony is a truth as universal in its application as men’s mental and moral infirmities. All experience shows that under the bias of interest, men cannot judge correctly even when they most earnestly desire to do so ; much less can they give fair and impartial evidence, when parties to a litigation which not only involves their interests, but, as is almost always the case, excites their passions and prejudices. Under such influences men will, even though not consciously, suppress some facts, soften or modify others, and give to all such color and impress as is most favorable to themselves. These are most controlling considerations in respect to the credibility of human testimony, and ought never to be overlooked in applying the rules of evidence and determining its weight in the scale of truth.
It being evident, then, that the interest of the party must affect his credibility as a witness, who is to pass upon the question of credibility? Certainly not the court. Its duty is to determine the competency of testimony, but never its credibility. The just weight and force to be given to the evidence of the witness, the extent to which he is to be believed, when he is discredited or interested, or when his testimony is otherwise questioned—his credibility—is peculiarly within the province of the jury (Com’l. Bank v. Hughes, 17 Wend. 101; Smith v. Downs, 6 Conn. 365; Tuttle v. Buck, 41 Barb. 417; Warren v. Haight, 62 Barb. 490; *360 Conrad v. Williams, 6 Hill, 444 ; Ynguanzo v. Salomon, 3 Daly, 153; People v. Dyle, 21 N. Y. 578; Dunn v. People, 29 N. Y. 523). They are to determine how much influence such testimony may fairly be allowed. To them therefore the question of credibility must always be committed. They can judge as to the veracity of the witness, not only from the matter and character of his evidence, its consistency and probability, but from the manner and bearing of the witness when upon the stand. To speak the truth is natural and instinctive, while the utterance of falsehood does such violence to a man’s moral nature, as to be almost always more or less perceptible in the voice, the countenance, the language, and the whole manner of the witness. This is the reason of the wise rule which requires that wherever it is possible the witness shall be confronted with those whom his testimony affects, and with the tribunal which is to pass upon it, that his veracity may be tested as well by the indications to which I have referred as by the intrinsic character of his evidence.
I am aware that the courts long ago established the principle that when the testimony of a witness is positive and uncontradicted, not incredible nor improbable upon its face, and the witness is not impeached or discredited, it is the duty of the court to instruct the jury that they may not disregard such testimony, but must find in accordance with it, and that a verdict against such evidence should be set aside (Newton v. Pope, 1 Cow. 110 ; Lomer v. Meeker, 25 N. Y 361). But, as is well remarked by an eminent judge of the court of appeals in Elwood v. West. Union Tel. Co. (45 N. Y. 549, 554), the rule to which I have referred was laid down at a time when interest absolutely disqualified a witness and necessarily assumed that the witnesses were disinterested. And that qualification must, in the present state of the law, be added.
The rule that whenever the action or defense rests *361 solely upon the testimony of a party to the suit and is open to the objections of interest, passion and prejudice, which always operate with greater or less force in such cases, the question of the credibility of the party so testifying must be submitted to the jury, is of safe and easy application; and being, as we have seen, based upon sound and logical principles, should not be departed from. In every such case, the question.should be submitted by the court to the jury, under proper directions, calling their attention to the peculiar facts and circumstances of the case, the rules and principles which should govern their decision of questions of credibility, and to those considerations which ought properly to influence them in their deliberations. With such instructions, juries will be so guided and advised, as to prevent them, so far as may be, from coming to any arbitrary or unreasonable conclusions.
The question which I have considered, and upon which the decision of this appeal turns, has heretofore been passed upon in this court, and in accordance with the views which I have expressed. In the case of Stoneman v. The Erie Railway Co., decided at a general term of this court in October, 1870, my distinguished and lamented predecessor, Judge Hasten (whose manuscript is before me), in delivering the opinion of the court, said; “I also think that there was error in the refusal to submit the question respecting the value of the goods to the jury. In regard to the value of a portion of them the plaintiff was the sole witness. From the circumstances which were developed on the trial, it is apparent that the defendant could not on this question confront her. She was a party to the suit, and interested in its event, and that was sufficient to carry her statements to the jury for their consideration. It affected her credibility, and it was therefore the province of the jury to weigh her testimony.”
*362 . The order denying a new trial in this case, and the judgment entered therein, must be set aside and a new trial granted, with costs to abide the event.
Note on the Weight of Testimony 'of Parties.
Ford v. Haskell, 32 Conn. 489.
The testimony of a party may be enough to sustain a verdict in his favor, notwithstanding suspicious circumstances.
Whiting 8. Otis, 1 Bosw. 420 (1857, opinion by Bosworth, J.).
When the testimony on the part of the plaintiff is in direct conflict with that on the part of the defendant, very slight considerations may influence a jury to accept the one in preference to the other; and justice requires that a party should not be subjected to any possible prejudice by the admission of incompetent, or the exclusion of competent and pertinent testimony. And if irrelevant testimony, calculated to prejudice the defendant with the jury, is admitted against objection, it is thereby treated as material.
Roberts v. Gee, 15 Barb. 449 (1853, opinion by Barculo, J.).
The rule that a witness who is unimpeached, and uncontradicted, must be believed, does not apply to parties testifying in their own behalf. Defendant was the only witness. He was called by the plaintiff. Judgment reversed.
Howard v. Harris, 30 Barb. 338 (1857, opinion by W. F. Allen, J.).
Plaintiff’s assignor swore to one state of facts, and defendant in his own behalf to the contrary. Held, that judgment for the plaintiff should stand.
Otherwise, perhaps, if defendant had been called by or testified at the instance of plaintiff.
Elwood v. Western Union Tel. Co., 45 N. Y. 549 (1871, opinion by Rapallo, J.).
Plaintiff sued for damages sustained in paying $10,000, on the faith of a false message, negligently sent by defendants. Plaintiff having shown that he had received the message from the telegraph office, at the place of destination, the operator at the station where it, in the course of business, must have come from, testified that no such message was sent. [It was suggested that the wire intermediate was cut.] It was argued that the receipt of the message merely raised a presumption that it had been sent, and that this presumption must be regarded as overcome by the positive testimony to the contrary. The telegraph operators having a motive to induce them to testify as they did,—Held, that it was for the jury to pass upon *363 the weight due their statements. [It seems too, that the operator’s testimony was not unequivocal.] “It is undoubtedly the general rule that where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited and have the effect of overcoming a mere presumption.” “But the rule is subject to many qualifications.”
Burnett v. Harris, 50 Barb. 379 (1868, opinion by Johnson, J.).
Bach party swore directly against the other. The jury credited defendant, whose testimony does not seem to have been corroborated. The question was as to whether a payment had been made by defendant to plaintiff, and their evidence would seem to have been the only evidence. Held, that the testimony of parties is to be weighed by the same rules substantially as that of others. If there is any difference, it is only that the testimony of parties in their own favor should be more carefully scrutinized. But this applies to both. Order refusing new trial affirmed.
Shearman v. Hart, 14 Abb. Pr. 358 (N. Y. Com. Pl. Sp. T. 1863, Hilton, J.).
Suit for an injunction. Defendant by his own affidavit claimed that an “understanding” between him and the plaintiff existed, as to the disposition of certain property, then in defendant’s possession. Plaintiff, by his affidavit, explicitly denied the existence of this understanding. Held, that (the understanding being set up as an affirmative defense) defendant had failed to establish its existence.
Losee v. Morey, 57 Barb. 561 (1865, opinion by Bockes, J.).
Plaintiff and defendant testified to diametrically opposite statements of what purported to be the same question of fact. Both were unimpeached. Held, that without corroboration plaintiff must fail. There was, however, testimony in corroboration of his.
Boyd v. Colt, 30 How. Pr. 384, (1860, Sup’m Ct., opinion by Sutherland, J.).
Plaintiff swore one way, and defendant directly the contrary. Held, that on a letter introduced by defendant in evidence, which letter, written by plaintiff before suit brought, contradicted plaintiff’s sworn testimony, his testimony should have been disregarded, and on this ground judgment was reversed.
Sanborn v. Babcock, 33 Wis. 400 (1873).
In an action to recover money alleged to have been paid by plaintiff to defendant by mistake, upon a note, in excess of the amount due thereon, plaintiff testified to such payment, and produced a diary containing a memorandum, made by him on the day of the transaction, which was in accordance with his testimony. Defend *364 ant testified positively to the contrary, and produced the note with indorsements made thereon, at the time, in accordance with his testimony. Held, that as there was no preponderance of evidence in plaintiff’s favor, he could not recover.
Seibert v. Erie R. R. Co., 49 Barb. 583 (1867, opinion by E. Darwin Smith, J.).
Negligence. Plaintiff testified that he heard no bell or whistle, before he was struck by the engine. Another witness near at hand, testified that he did not hear a bell.
The engineer and another witness testified expressly that the bell was rung. Verdict for plaintiff set aside, and new trial granted.
Wilkins v. Earle, 44 N. Y. 172, 182 (1870, opinion by Leonard, Com.).
The mere fact that plaintiff’s evidence was contradicted as to any fact or facts, as te which he could not be simply mistaken, was not conclusive as to the falsity of the evidence as to those facts. The jury might have believed the evidence, though contradicted.
Phillips v. Benedict, 33 Barb. 655 (1861, opinion by Clerke, P. J.).
Plaintiff’s affidavit was denied by defendant’s testimony, but the former was corroborated by the testimony of an indifferent person. The court say, “we cannot hesitate to disregard the denial of the. latter.” Order denying motion to discharge an order of arrest affirmed.
Hutchinson v. Market Bank of Troy, 48 Barb. 302 (1867, Hogeboom, J.).
Plaintiff swore positively that defendant received from him a draft. On his evidence mainly [there are said to be corroboratory circumstances] -to this point, and to the effect that he had received neither payment nor credit for it, plaintiff recovered a verdict. Held, that it should not be disturbed. Defendant did not explicitly deny the principal fact.
Smith v. Leland, 2 Duer, 497 (1853, opinion by Paine, J.).
A plaintiff is always bound to make out his case by satisfactory evidence; and testimony of a witness who was interested in avoiding responsibility for the very transaction, is not sufficient against proof by a credible witness for defendant that plaintiff’s witness had made a contradictory extra-judicial statement.
The only evidence to charge the defendant in this case, for the price of the goods sued for, was the testimony of a third person to whom and for whose use the goods were delivered, to the effect that defendant had told her, the witness, to get the goods and have them charged to him. Evidence of her declaration, made after suit brought, of a want of express authority, was put in. There were some *365 other facts given in evidence that affected her credibility. Held, that plaintiff had not made out his case by satisfactory evidence, and so the finding was set aside as against weight of evidence. [The general term also relied upon another ground.]
Carroll v. Charter Oak Ins. Co., 1 Abb. Ct. App. Dec. 316 (1868, opinion by Miller, J.).
B testified that he gave certain notice to defendant’s agent. The agent testified to the contrary. The judge instructed the jury, that if they believed notice was given plaintiff should recover, and that B could not truly swear to the notice, unless he recollected it; and unless he did recollect it, he had committed perjury in swearing to the fact. Defendant excepted. Verdict for plaintiff. Held, no error.
See further, Lawrence v. Maxwell, 58 Barb. 511; Anderson v. Collins, 6 Ala. 783; Johnson v. Whidden, 32 Me. 230; State v. Gates, 20 Mo. 400; Reeves v. Poindexter, 8 Jones, 308; Pridgen v. Walker, 40 Tex. 135; Jones v. State, 48 Geo. 163; Willey v. Gatling, 70 N. C. 410; Mathilde v. Levy, 24 La. Ann. 421; Carver v. Louthain, 38 Ind. 530; McAleer v. Horsey, 35 Md. 439; Jones v. MeLuskey, 10 Ala. 27; Sullivan v. Collins, 18 Iowa, 228; Delvee v. Boardman, 20 Iowa, 446.
As to suspicion of perjury, from interest, compare Berckmans v. Berckmans, 17 N. J. Eq. 454; aff’g 16 Id. 122 ; and The Thames, 14 Wall. 106.

 Present, Clinton, Sheldon, and Smith, JJ.