JOSEPH WOOD, Appellant, v. JOHN A. MUNSON, Respondent.

*Physician's claim for services — against the family attended and also against the town — effect of a town audit of the claim — evidence.*

In an action brought by a physician to recover the value of his services rendered in attending the defendant's family through an epidemic of typhoid fever, it is sufficient evidence that the services were rendered under an employment by the town in which the family resided, and not by the defendant, that the plaintiff has presented to the town auditors a verified bill for the services in question, and that such bill has been audited by the town auditors for a portion of the amount claimed, and such amount has been accepted by him.

The fact that the claimant testifies that he was not authorized by the board of health or the overseer of the poor to attend the family, simply presents a question for the consideration of the court, which is to determine what force, if any, it should give to such testimony of a party to the action, contradicted by his own affidavit and the action of the town board of auditors.

APPEAL by the plaintiff, Joseph Wood, from a judgment entered in the clerk's office of Sullivan county on the 3d day of April, 1893, after a hearing in the Sullivan County Court on appeal from a judgment of a Justice's Court in favor of the plaintiff, which was reversed by the County Court on the appeal thereto.

*George H. Decker*, for the appellant.

*George H. Smith*, for the respondent.

PUTNAM, J. :

This action was brought in Justice's Court to recover the sum of twenty dollars, a balance due plaintiff for services performed for defendant.

The latter is a physician, and the health officer of the town of Fallsburgh (where the parties reside) and had attended the family of plaintiff through an epidemic of typhoid fever — making forty visits, of the value of eighty dollars. He was paid twenty-five dollars, as below mentioned, on account of said services, and the balance, fifty-five, he set up before the justice as a counterclaim.

It was shown upon the trial that defendant, after the attendance upon the family of plaintiff as aforesaid, presented a verified bill to the town for said attendance, and for other services, of which the following is a copy, to wit:

> "Town of Fallsburgh,
>      "To Dr. J. A. Munson, Dr.
>                "As Health Officer of said Town.
> "1888.

| | |
|---|---:|
| " July 6th, To distributing notice through town.......... | $2 00 |
| " July 10th, To distributing notice through town......... | 2 00 |
| "Aug. 17th, To investigating nuisance upon premises of Ed. Vielee...................................... | 2 00 |
| " To attending family of Joseph H. Wood through an epidemic of typhoid fever from Oct. 16, '88, to Dec. 26, '88 (inclusive), 40 visits at $2.00...................... | 80 00 |
| " Dec. 18th, To meeting with board .................... | 2 00 |
| " To reporting 19 births at 25 cts....................... | 4 75 |
| " To reporting 14 deaths at 25 cts...................... | 3 50 |
| "Total.................................... | $96 25 |

" STATE OF NEW YORK, } *ss.:*
      *Sullivan County,* }

" Dr. J. A. Munson being duly sworn says the items mentioned and set forth in the annexed account have been in fact performed or rendered, and are correct, that the whole amount thereof is justly due and that no part thereof has been paid or satisfied.

                          " DR. J. A. MUNSON.

" Sworn to before me this 6th day of November, 1889,
                    " BENJAMIN VERNOOY,
                              " *Notary Public.*"

The bill was presented to the board of town auditors of said town, who allowed thereon the sum of forty-one dollars and twenty-five cents, twenty-five dollars of which was so allowed on the claim for attendance upon the plaintiff's family.

The justice gave judgment for the plaintiff for the full amount of his claim, disallowing the counterclaim of defendant. We think he reached a conclusion warranted by the evidence.

The defendant was a health officer and attended the family of plaintiff, who were ill with a contagious disease. He afterwards made out a bill charging the town for said attendance and for other services and verified it. The town officers acted on the bill and allowed it at forty-one dollars and twenty-five cents, which sum defendant accepted and received.

The verified bill of defendant so presented to the auditors was evidence, *as against him*, that he was employed by the town to attend the family of defendant. In fact, in the affidavit attached to the bill, he swears he was so employed. The fact that the auditors allowed a portion of defendant's charge for attendance on the family of plaintiff is also evidence tending to show such employment. The town auditors had no right to make the defendant a present of twenty-five dollars, or to make any allowance on account of the services in question, unless a legal charge against the town. The justice, therefore, had sufficient evidence before him to justify a finding that defendant's bill for attendance on plaintiff's family sought to be interposed as a counterclaim was a charge against the town. He had before him the claim of defendant to that effect sworn to and the action of the town authorities allowing a portion of the bill. It is true defendant testifies that he was not authorized by the board of health, or the overseer of the poor to attend plaintiff's family ; but it was a question for the justice what force if any, he would give to the testimony of *a party to the action*, contradicted as he was, by his own affidavit and the action of the town board of auditors. The justice was not compelled to believe what the defendant testified to. (*Hodge* v. *The City of Buffalo*, 1 Abb. N. C. 356.) He could properly determine on the evidence before him that defendant's said services were performed on the credit of the town and on the employment of the town officers.

It follows, therefore, that on the evidence presented to him, the

justice was authorized to find that defendant's bill, interposed as a counterclaim, was for services performed for the town of Fallsburgh, and for which that town was liable. The defendant presented his bill against the town therefor, which was acted upon by the town auditors, and allowed at twenty-five dollars, which sum defendant voluntarily accepted and received.

The presentation, audit and acceptance, we think extinguishes defendant's alleged counterclaim. He voluntarily presented it as a claim against the town, and the audit of the town board of auditors was a legal adjudication of the amount due thereon. (*People ex rel. Myers* v. *Barnes et al.*, 114 N. Y. 317.)

The sum audited he accepted, and the effect of said transaction was necessarily to extinguish the claim as against the town. If there was any liability on the part of the plaintiff, as well as the town, for the defendant's attendance on his family, which defendant might have properly claimed, his presentation of the bill to the town, and acceptance of the amount at which it was audited, we think must have the effect of also extinguishing the claim as against the plaintiff As said by LANDON, J., in *Coonley* v. *Wood* (36 Hun, 559–561), a case where one of two joint and several debtors had obtained a satisfaction of a judgment as against himself, " but if the debt is satisfied by either, nothing remains for either to pay. If the judgment was satisfied, the debt was satisfied, and to allow the plaintiff to recover again would be to allow him to receive satisfaction twice upon one debt."

So, in this case, defendant presented his claim to the town auditors, as against the town, and accepted the sum that they allowed thereon in payment. We think the transaction extinguished his claim against the plaintiff, if any such claim ever existed.

The judgment of the County Court should be reversed, and that of the justice affirmed, with costs to appellant in this court and in the County Court.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment of Justice's Court affirmed, and that of County Court reversed, with costs in this and County Court.