Richard B. Hoos, Appellant, *v.* Sarah C. Hempstead, Respondent.

*Credibility of the husband of a party to an action — ratification, by the owner of land, of the unauthorized erection of a building thereon.*

The credibility of the husband of a party to an action, who testifies upon the trial thereof, is to be determined by the jury.

Where, upon the trial of an action brought to recover for the building of a barn upon the lands of the defendant, the jury determines from the evidence that the plaintiff erected the barn on the defendant's premises without any authority whatever from the defendant or her agent, or her assumed agent, the subsequent renting by the defendant of the premises on which the barn was erected would not, as a matter of law, constitute a ratification.

Herrick, J., dissenting.

APPEAL by the plaintiff, Richard B. Hoos, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 8th day of October, 1894, upon the verdict of a jury rendered after a trial at the Rensselaer Circuit, and also from an order, made on the 21st day of September, 1894, and entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

*George Lawyer* and *N. B. Spalding*, for the appellant.

*A. W. Gleason*, for the respondent.

PER CURIAM:

The error of the court below, if any, in overruling the objections of the plaintiff to the question asked of the witness Salisbury, Q. "You never heard Mrs. Hempstead ask him to build that" (referring to a shed) was cured by the answer, the witness stating: "I am not positive about it. It was so long ago I couldn't say. I would not swear now whether I did or not hear her ask him to build it." If the court was wrong in his ruling, the plaintiff was not injured. Also, there was no error in excluding the testimony of the plaintiff as to the various conversations between him and the defendant in regard to the shed.

The question whether or not plaintiff was employed by defendant or her husband to build the barn, to recover for the building of which this action was brought, was, we think, one of fact which the trial judge was compelled to submit to the jury, and we are unable to see how the verdict of the jury can be disturbed.

The only evidence showing that defendant's husband employed plaintiff to build the barn was the testimony of the latter. His credibility was a question for the jury. (*Hodge* v. *City of Buffalo*, 1 Abb. N. C. 356; *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Gildersleeve* v. *Landon*, 73 id. 609.)

The jury may not have credited the plaintiff's statement, and hence reached the conclusion that the barn was built without any authority from the defendant's husband as her agent, or assuming to act as her agent.

Defendant denied that she authorized her husband to act as her agent, or informed plaintiff that she had so authorized him. It was a question for the jury whether the plaintiff testified truly. Also,

whether she admitted that she had to pay for the barn, as plaintiff and Salisbury testified.

There was no such conclusive evidence of the ratification by the defendant as required the trial judge to take that question from the jury. The latter, from the evidence, could have found that plaintiff erected the barn on defendant's premises without any authority whatever from defendant or her agent, or any assumed agent. Such being the case, her subsequent renting of the premises on which the barn was erected would not, as a matter of law, constitute a ratification.

We conclude that the judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred; HERRICK, J., dissenting.

Judgment affirmed, with costs.